# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TELLEZ FUGA, | Case No. 2:26-cv-00654-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO |
| v. | DISMISS, GRANT PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECT |
| WARDEN, et al., | RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING |
| Respondents. | (ECF Nos. 1, 6) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection at an unknown date and location. On July 13, 2025, Petitioner was arrested by local law enforcement for an offense involving possession of a controlled substance. (ECF No. 6-1 at 2.[1]) The prosecutor rejected the charge without a pre-trial diversion, and on August 23, 2025, Petitioner was transferred to U.S. Immigrations and Customs Enforcement ("ICE") custody. (Id. at 3.)

On March 2, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The Court denied the motion for TRO as untimely. (ECF No. 4.) On April 1, 2026, Respondents filed a motion to dismiss. (ECF No. 6.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

### A. Statutory Framework

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'"[2] Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S.

---

[2] Subsection C, which is not at issue here, "provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense." Avilez, 69 F.4th at 530 (alteration in original) (quoting 8 U.S.C. § 1226(c)).

immigration law." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(3)). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings, 583 U.S. at 287. "Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." Id.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion." Jennings, 583 U.S. at 287 (citations omitted). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii)). "If an immigration officer determines after that interview that the alien has a credible fear of persecution, 'the alien shall be detained for further consideration of the application for asylum.'" Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, "[a]ll applicants for admission who are not processed for expedited removal [pursuant to § 1225(b)(1)] are placed in regular removal proceedings under § 1225(b)(2)(A). That process generally entails a hearing before an immigration judge pursuant to § 1229a." Innovation Law Lab v. McAleenan, 924 F.3d 503, 507 (9th Cir. 2019).

"Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)) (citing 8 C.F.R. §§ 212.5(b), 235.3 (2017)). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). "Instead, when the

purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

**B.  Applicability of 8 U.S.C. § 1225(b)**

In Count One of the petition, Petitioner asserts that he is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 9.) In the motion to dismiss, Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)." (ECF No. 6 at 1.)

"Until [2025], the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation. This practice was codified by regulation." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025). In its briefing in Salcedo Aceros, "the Government acknowledge[d] that 'until recently,' it considered § 1226(a) to be an available detention authority for noncitizens who might also be subject to § 1225." Id. (citation omitted).

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." [Dkt. No. 5-2 at 45–46, "DHS Guidance Notice" or "DHS Policy"]. The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [Id.]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025).

"District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801

F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, 809 F. Supp. 3d 1064, 1067 (E.D. Cal. 2025) (collecting cases).

The Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in Carlos v. Chestnut, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026), which found that "a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225." Id. at *2 (citing E.L.D.M. v. Becerra, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025)).[3] Further, the Court recommends Petitioner "must be given a prompt bond hearing under the framework of 8 U.S.C. § 1226(a) or released." Huerta v. Bondi, No. 1:25-CV-00941 JLT HBK (HC), 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count One.

2. Respondents' motion to dismiss (ECF No. 6) be DENIED.

3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), or alternatively, release Petitioner under reasonable conditions of supervision.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

---

[3] In light of this conclusion, the Court declines to address Petitioner's prolonged detention due process claim.

written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6