UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TELLEZ FUGA,[1]<br>(A No. 221-425-514)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>Respondents. | No. 2:26-cv-00654-JLT-SAB (HC)<br><br>ORDER ADOPTING IN PART FINDINGS<br>AND RECOMMENDATIONS; GRANTING<br>THE PETITION FOR WRIT OF HABEAS<br>CORPUS; DENYING RESPONDENTS'<br>MOTION TO DISMISS; TERMINATING<br>RESPONDENTS' MOTION TO DISSOLVE<br>THE NO TRANSFER ORDER; AND<br>DIRECTING CLERK OF THE COURT TO<br>CLOSE CASE<br><br>(Docs. 1, 6, 9, 10) |

Daniel Tellez Fuga is an immigration detainee proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 8, 2026, the magistrate judge issued Findings and Recommendations to grant Petitioner's habeas petition, deny Respondents' motion to dismiss, and order a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 10 at 5.) The Court served the F&R on the parties and notified them that any objections were due within fourteen days. (*Id.*) In addition, the parties were advised that "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*

---

[1] The Court notes that Petitioner's name as it appears on EOIR's website is spelled differently—namely, Daniel Telles Puga. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 18, 2026).

1

at 6 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On April 22, 2026, Respondents filed timely objections, (Doc. 13), and Petitioner filed a reply on May 4, 2026. (Doc. 14.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections and Petitioner's reply, the Court finds that the F&R is supported by the record and proper analysis, with one exception.

Respondents object to the F&R based on the reasons set forth in its motion to dissolve. (Doc. 13 at 1.) In that motion, Respondents indicate that Petitioner was granted pre-conclusion voluntary departure by an immigration judge on March 30, 2026. (Doc. 9 at 1; Doc. 9-1 at 1.) Respondents further argue that if Petitioner failed to voluntarily depart by April 30, 2026, the IJ's alternate order of removal pursuant to 8 C.F.R. § 1240.26(d), (*see* Doc. 9-1 at 1), would automatically go into effect and Petitioner would be subject to mandatory detention under 8 U.S.C. § 1231(a). (Doc. 9 at 1.) In a recent status report, Respondents indicate that on April 15, 2026, Petitioner appealed his grant of voluntary departure to the Board of Immigration Appeals. (Doc. 16 at 1; *see also* Doc. 16-1 at 1.) Despite this Court's order requesting an update from Petitioner on whether he wishes to proceed with voluntary departure, (*see* Doc. 11), Petitioner's reply does not mention voluntary departure and instead requests the F&R be adopted in full.[2] (*See* Doc. 14.) Considering this and Petitioner's appeal to the BIA, the Court concludes that Petitioner does not wish to proceed with voluntary departure but rather seeks to proceed on his habeas petition.

Accordingly, the issue is now whether Petitioner is now subject to a final order of removal and mandatory detention under 8 U.S.C. § 1231(a)(2)(A), given that he failed to voluntarily depart by April 30, 2026, and appealed that order to the BIA on April 15, 2026. (*See* Doc. 9-1 at

---

[2] After this Court discovered that a voluntary departure order was in place, the Court issued a minute order on April 13, 2026, stating: "The Court stands ready to lift its no transfer/removal order should Petitioner wish to withdraw his habeas petition. Thus, if Petitioner wishes to proceed with voluntary departure, he shall respond to this order immediately indicating as much, and the Court will thereafter lift the no transfer/ removal order. Otherwise, the Court will proceed to rule on the findings and recommendations once the objection period expires." (Doc. 11.) On May 4, 2026, Petitioner filed a reply arguing that the F&R should be adopted in full but failed to address this Court's concerns with voluntary departure as stated in the minute order. (*See* Doc. 14.)

1; Doc. 16-1 at 1.) Respondents contend that "the grant of voluntary departure automatically terminated and became a final order of removal when Petitioner filed his appeal." (Doc. 16 at 2.) The Court disagrees.

To guide the Court's discussion, there are two types of voluntary departure: (1) pre-conclusion which is granted prior to the completion of removal proceedings; and (2) post-conclusion which is granted at the conclusion of removal proceedings. *Compare* 8 U.S.C. § 1229c(a)(1) *with* § 1229c(b)(1); *compare* 8 C.F.R. § 1240.26(b)(1)(i)(A)–(E) *with* § 1240.26(c)(1)(i)–(iv). Under either provision, the IJ must enter an alternate order of removal which typically goes into effect when the noncitizen refuses to abide by the terms of voluntary departure or fails to depart by the deadline. *See Dada v. Mukasey*, 554 U.S. 1, 21 (2008); 8 C.F.R. § 1240.26(d) ("Upon granting a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order o[f] removal."). To be sure, Petitioner's order expressly states, "if any of the above-ordered conditions are not met as required or if the [Petitioner] fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective." (Doc. 9-1 at 1.) At issue here is pre-conclusion voluntary departure. (*See* Doc. 9-1 at 1.)

To accept pre-conclusion voluntary departure, Petitioner must knowingly waive his right to an appeal. *See Pocon v. Holder*, 539 F.App'x 721, 721 (9th Cir. 2013) ("The BIA also permissibly concluded that [p]etitioners had knowingly and intelligently . . . waived their rights to appeal, and did so in exchange for the grant of pre-conclusion voluntary departure."). The applicable regulation states:

> An alien may be granted [pre-conclusion] voluntary departure by an immigration judge pursuant to section 240B(a) of the Act only if the alien:
> (A) Makes such request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing;
> (B) Makes no additional requests for relief (or if such requests have been made, such requests are withdrawn prior to any grant of voluntary departure pursuant to this section);
> (C) Concedes removability;

(D) Waives appeal of all issues; and

(E) Has not been convicted of a crime described in section 101(a)(43) of the Act and is not deportable under section 237(a)(4).

8 C.F.R. § 1240.26(b)(1)(i)(A)–(E) (emphasis added). Respondents argue that because the Petitioner waived his right to an appeal, the BIA lacks jurisdiction to review the IJ's order and hence, Petitioner is now subject to a final order of removal. (Doc. 16 at 1 (citing *Alvarado-Lopez v. Holder*, 514 F.App'x, 583, 585 (6th Cir. 2013) and cases therein).) However, the BIA and the Ninth Circuit retain jurisdiction to review whether a waiver of the right to appeal was given knowingly and intelligently. *See Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005) (finding that the BIA's conclusion that it lacked jurisdiction was in error because the BIA failed to assess whether petitioner's waiver of the right to appeal was truly "considered and intelligent," and not a "deprivation of the . . . right to a meaningful opportunity for judicial review"); *see also In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322–23 (BIA 2000) (finding that the petitioner did not knowingly and intelligently waive his right to an appeal and concluding that the appeal was properly before the BIA). As the Ninth Circuit explained:

> The BIA held that it lacked jurisdiction because [petitioner] waived his right to appeal. *See* 8 C.F.R. § 1003.3(a)(1) ("A Notice of Appeal may not be filed by any party who has waived appeal . . . ."); 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon waiver of appeal . . . ."). Although the BIA is certainly correct in a semantic sense, simply concluding that [petitioner] "waived" his appeal begs the question whether the waiver was valid.

*Biwot*, 403 F.3d at 1098. Therefore, despite Petitioner's waiver of his right to an appeal, Petitioner's removal order is not administratively final until the BIA determines that his waiver was valid. *Id.*; *In re Rodriguez-Diaz*, 22 I. & N. Dec. at 1322–23.

Further, in *Dada*, the Supreme Court provided guidance regarding the interplay between post-conclusion voluntary departure and appealing such decision to the BIA. *Dada*, 554 U.S. at 10–11. The Supreme Court explained:

> The voluntary departure period typically does not begin to run until administrative appeals are concluded. *See* 8 U.S.C. § 1101(47)(B) ("The order . . . shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek

4

review of such order by the [BIA]"); § 1229c(b)(1) (Attorney General may permit voluntary departure at conclusion of removal proceedings); *see also* 8 C.F.R. § 1003.6(a) (2007) ("[T]he decision in any proceeding . . . from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal . . ."). In addition, some Federal Courts of Appeals have found that they may stay voluntary departure pending consideration of a petition for review on the merits. (citations omitted). This issue is not presented here, however, and we leave its resolution for another day.

*Id*. Though the present case pertains to *pre-conclusion* voluntary departure under § 1229c(a)(1), not *post-conclusion* under § 1229c(b)(1), the Court's opinion in *Dada* is instructive.

*Dada* suggests that where an appeal is filed regarding an order of voluntary departure, the departure period—and by extension the alternate order of removal—does not take effect until *after* the administrative appeals have concluded. Such interpretation is consistent with relevant post-conclusion voluntary departure regulations. *See* 8 C.F.R. § 1241.1(f) ("An order of removal made by the [IJ] at the conclusion of proceedings . . . shall become final: If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.") (emphasis added). Though pre-conclusion voluntary departure requires a waiver of the right to an appeal, *see* 8 C.F.R. § 1240.26(b)(1)(i)(D), the BIA nonetheless retains jurisdiction to assess whether such waiver was done knowingly and intelligently. *In re Rodriguez-Diaz*, 22 I. & N. Dec. at 1322–23. As such, there is no reason why the logic in *Dada* could not apply to pre-conclusion voluntary departure.

Furthermore, *Dada* relied on 8 C.F.R. § 1003.6(a), which more comprehensively states, "the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification." *Id*. (emphasis added). There is no

indication that this provision does not apply with equal force to pre-conclusion voluntary departure. And though the regulation suggests that it *does not* apply to orders involving waiver of appeal, the regulation nonetheless allows for automatic stay of removal where an appeal is pending before the BIA. Because the BIA accepted Petitioner's appeal and such appeal remains pending, (*see* Doc. 16-1 at 1), Petitioner's order of deportation is not final and cannot be executed while the appeal is pending. *See* 8 C.F.R. § 1003.6(a); *Dada*, 554 U.S. at 10–11; 8 U.S.C. § 1101(a)(47)(B) ("The order [of deportation] . . . shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"). Respondents seemingly acknowledge this when they state, "the BIA appeal automatically stays the execution of that order during the pendency of the appeal." (Doc. 16 at 2.)

All this leads the Court to conclude that Petitioner alternate order of removal is not, as yet, "administratively final," and he is not subject to mandatory detention as the removal period has not yet begun.[3] *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(1)(B)(i), (a)(2)(A) (explaining that the removal period—and mandatory detention period—does not begin until the order of removal becomes administratively final). Indeed, Respondents concede that "the removal period has not begun." (Doc. 16 at 2.) Thus, Petitioner's detention authority continues to fall under 8 U.S.C. § 1226(a) as a noncitizen who unlawfully entered the United States at an unknown time, was unencountered upon entry, was living in the interior of the country, and was only recently placed in removal proceedings. (*See* Doc. 6-1 at 2; Doc. 6-2 at 1; Doc. 1 at 4–6.) As the F&R correctly explains, under these facts, Petitioner is not an "applicant for admission" subject to mandatory detention under § 1225(b).[4] (*See* Doc. 10 at 4–5.)

---

[3] Respondents' reliance on this Court's decisions in *Gregorio* and *Alvarado* is inapposite. (Doc. 16 at 2.) Both cases involved a petitioner who was subject to an administratively final order of removal after failing to voluntarily depart by the allotted deadline and failing to timely appeal that decision to the BIA, which is not the case here. *Cf. Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026); *Alvarado v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00112-JLT-EPG (HC), 2026 WL 1113791, at *3 (E.D. Cal. Apr. 24, 2026).

[4] This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under

6

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 8, 2026 (Doc. 10) are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 6) is **DENIED**.

4. Respondents' motion to dissolve no transfer order (Doc. 9) is **TERMINATED**.

5. Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **21 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner presents a danger to the community and a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

§ 1225(b). *See R.P.V. v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).